

**MICHAEL W. DOBBINS**
CLERK

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

312-435-5698

February 8, 2008

Mr. J. T. Noblin
Clerk
United States District Court
Post Office Box 23552
Jackson, MS 39225-3552



Dear Clerk:

**Re:  Case number   3:05cr58-1 US v Sharee N. Phillpotts**
Our case number: 08cr102    - Northern District of Illinois, Judge Lefkow

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Sharee N. Phillpotts, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:  *Ellenore Duff*
Ellenore Duff
Deputy Clerk

Enclosure

FILED
FEB 27 2008
February 27, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 3:05-cr-00058-HTW-AGN   Document 19   Filed 02/20/2008   Page 1 of 1

# 08CR 0102

PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

MAGISTRATE JUDGE NOLAN

JUDGE LEFKOW

| DOCKET NUMBER (Tran. Court) |
|---|
| 3:05cr58-001 |

| DOCKET NUMBER (Rec. Court) |
|---|
|  |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Sharee N. Phillpotts | SD/MS | Jackson |

| NAME OF SENTENCING JUDGE |
|---|
| Henry T. Wingate |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
|  | 05/31/2007 | 05/30/2010 |

**OFFENSE**

Mail Fraud - 18 U.S.C. § 1341.

RECEIVED  JAN 11 2008  U.S. PROBATION OFFICE CHICAGO ILLINOIS

SOUTHERN DISTRICT OF MISSISSIPPI FILED FEB 20 2008 J. T. NOBLIN, CLERK BY _____ DEPUTY

RECEIVED DEC 19 2007 U.S. PROBATION JACKSON, MS

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE __SOUTHERN__ DISTRICT OF __MISSISSIPPI__

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the __NORTHERN DISTRICT OF ILLINOIS__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

Dec 17, 2007
_Date_

_Henry T. Wingate_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE __Northern__ DISTRICT OF __Illinois__

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED
FEB 0 4 2008 CM

FEB - 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
_Effective Date_

_James F. Holderman_
United States District Judge

TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
_signature_
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 2-8-08

AGN, APPEAL, CLOSED

# U.S. District Court
## Southern District of Mississippi (Jackson)
### CRIMINAL DOCKET FOR CASE #: 3:05-cr-00058-HTW-AGN All Defendants
### Internal Use Only

Case title: USA v. Phillpotts

Date Filed: 04/20/2005
Date Terminated: 12/22/2005

Assigned to: District Judge Henry T. Wingate
Referred to: Magistrate Judge Alfred G. Nicols

**Defendant (1)**

**Sharee Nicloe Phillpotts**
*TERMINATED: 12/22/2005*

represented by S. Dennis Joiner
FEDERAL PUBLIC DEFENDER
200 S. Lamar, Suite 100-S
Jackson, MS 39201
601/948-4284
Fax: 601/948-5510
Email: dennis_joiner@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender or Community Defender Appointment

**Pending Counts**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

MAIL FRAUDS
(1)

FRAUD WITH IDENTIFICATION
DOCUMENTS
(2)

**Disposition**

**Disposition**

Twenty-month imprisonment followed by a three-year supervised release; $100.00 Special Assessment fee and $18,000.00 Restitution payment.

Dismissed

A TRUE COPY, I HEREBY CERTIFY.
J.T. NOBLIN, CLERK
BY: [signature] DEPUTY CLERK

## Highest Offense Level (Terminated)
Felony

## Complaints
None

## Disposition

## Interested Party
**Probation Jackson**

## Plaintiff
**USA**                                represented by  **Giles Wood Bond, Jr.**
                                                       U.S. ATTORNEY'S OFFICE
                                                       One Jackson Place
                                                       188 E. Capitol, Suite 500
                                                       Jackson, MS 39201
                                                       (601) 965-4480
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/20/2005 | 1 | INDICTMENT as to Sharee Nicloe Phillpotts (1) count(s) 1, 2. (Attachments: # 1 Civil Cover Sheet) (Cook, Surelda) (Entered: 04/21/2005) |
| 04/20/2005 | 2 | Praecipe for Warrant by USA as to Sharee Nicloe Phillpotts re 1 Indictment (Cook, Surelda) (Entered: 04/21/2005) |
| 04/20/2005 |  | (Court only) ***Set/Clear Flags as to Sharee Nicloe Phillpotts (Cook, Surelda) (Entered: 04/21/2005) |
| 04/21/2005 |  | ARREST Warrant Issued as to Sharee Nicloe Phillpotts. (Cook, Surelda) (Entered: 04/21/2005) |
| 04/21/2005 |  | (Court only) ***Location start as to Sharee Nicloe Phillpotts (Cook, Surelda) (Entered: 04/22/2005) |
| 05/05/2005 | 3 | CJA 23 Financial Affidavit by Sharee Nicloe Phillpotts (wg, ) (Entered: 05/05/2005) |
| 05/05/2005 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Sharee Nicloe Phillpotts S. Dennis Joiner for Sharee Nicloe Phillpotts appointed. . Signed by Judge Alfred G. Nicols on May 5, 2005. (wg, ) (Entered: 05/05/2005) |
| 05/05/2005 | 5 | TRIAL ORDER as to Sharee Nicloe Phillpotts Jury Trial set for 5/5/2005 |

| | | |
|---|---|---|
| | | 09:00 AM before District Judge Henry T. Wingate. Motion Dispositive Deadline due by 6/23/2005. Oral Argument due by 6/23/2005. Motion N-Dispositive Deadline due by 6/9/2005. Instruction/Exhibit/Witness List due by 6/30/2005.. Signed by Judge Alfred G. Nicols on May 5, 2005. (wg, ) (Entered: 05/05/2005) |
| 05/05/2005 | 6 | ORDER Regarding Discovery as to Sharee Nicloe Phillpotts . Signed by Judge Alfred G. Nicols on May 5, 2005. (wg, ) (Entered: 05/05/2005) |
| 05/05/2005 | 7 | Unsecured Bond Entered as to Sharee Nicloe Phillpotts in amount of $ $10,000, (wg, ) (Entered: 05/05/2005) |
| 05/05/2005 | 8 | ORDER Setting Conditions of Release as to Sharee Nicloe Phillpotts (1) $10,000 Unsecured . Signed by Judge Alfred G. Nicols on May 5, 2005. (wg, ) (Entered: 05/05/2005) |
| 05/05/2005 | | Minute Entry for proceedings held before Judge Alfred G. Nicols :Arraignment as to Sharee Nicloe Phillpotts (1) Count 1,2 held on 5/5/2005. APPEARANCES: Alfred B. Jernigan, Jr. for G. Wood Bond, AUSA; S. Dennis Joiner, FPD; and Robert B. Wilder, Jr., USPO. Defendant was found to be indigent, and counsel was appointed to represent her. The Court informed the Defendant of her rights, the charges against her and penalties therefor. Defendant waived the reading of the Indictment and entered a plea of not guilty to all counts thereof. $10,000 unsecured bond set and posted by Defendant. She shall be processed by the U.S. Marshal after she takes an exam at 2:00 p.m. today and shall remain free on bond. (Tape #2005-09.)(T: 10) (wg, ) (Entered: 05/05/2005) |
| 05/09/2005 | 9 | ARREST Warrant Returned Executed on 5/5/05. in case as to Sharee Nicloe Phillpotts. (Cook, Surelda) (Entered: 05/11/2005) |
| 06/23/2005 | 10 | MOTION to Continue by Sharee Nicloe Phillpotts. (Joiner, S.) (Entered: 06/23/2005) |
| 07/01/2005 | 11 | ORDER OF CONTINUANCE;granting 10 Motion to Continue as to Sharee Nicloe Phillpotts (1); that period of delay resulting from a continuance granted for the reason stated above serve the ends of justice and outweigh the best interests of the public and the defendant in a speedy trial;; that the trial of this cause continued until 9:00 a.m. on 10/3/05. Signed by Judge Henry T. Wingate on 6/30/05. (Cook, Surelda) (Entered: 07/05/2005) |
| 07/05/2005 | | Reset JURY TRIAL as to Sharee Nicloe Phillpotts: Jury Trial set for 10/3/2005 09:00 AM in Courtroom 3 before District Judge Henry T. Wingate, Jackson, MS. (Cook, Surelda) (Entered: 07/05/2005) |
| 10/04/2005 | | Minute Entry for proceedings held before Judge Henry T. Wingate :Change of Plea Hearing as to Sharee Nicloe Phillpotts held on 10/4/2005. Counsel present: Woody Bond, AUSA and George Lucas, FPD. Defendant pled to an Open Plea as to Count 1 of the indictment. There was not a Plea Agreement entered. Court accepted her plea and entered a Judgment of guilty as to that charge. Sentencing hearing set |

| | | |
|---|---|---|
| | | 12/15/05 at 9:00 A.M. Defendant was allowed to remain free on current bond under the same conditions and restrictions as set forth. (Court Reporter Brenda Wolverton, 965-4042.) (trs, ) (Entered: 10/04/2005) |
| 10/04/2005 | | Set Hearings as to Sharee Nicloe Phillpotts: Sentencing set for 12/15/2005 09:00 AM in Courtroom 3 before District Judge Henry T. Wingate. (trs, ) (Entered: 10/04/2005) |
| 12/15/2005 | | Minute Entry for proceedings held before Judge Henry T. Wingate : APPEARANCES: Woody Bond, AUSA, and George Lucas. Sentencing held on 12/15/2005 for Sharee Nicloe Phillpotts (1), Count(s) 1, Twenty-month imprisonment followed by a three-year supervised release; $100.00 Special Assessment fee and $18,000.00 Restitution payment; Count(s) 2, Dismissed. Defendant remanded to the custody of U.S. Marshal Service. (Court Reporter Brenda Wolverton, 965-4042.) (trs, ) (Entered: 12/15/2005) |
| 12/21/2005 | 13 | NOTICE OF APPEAL by Sharee Nicloe Phillpotts re 12 Judgment, (Cook, Surelda) (Entered: 12/27/2005) |
| 12/22/2005 | 12 | JUDGMENT as to Sharee Nicloe Phillpotts (1), Count(s) 1, Twenty-month imprisonment followed by a three-year supervised release; $100.00 Special Assessment fee and $18,000.00 Restitution payment.; Count(s) 2, Dismissed . Signed by Judge Henry T. Wingate on 12/22/05. (Cook, Surelda) (Entered: 12/27/2005) |
| 12/27/2005 | | Transmission of Notice of Appeal and Docket Sheet as to Sharee Nicloe Phillpotts to US Court of Appeals re 13 Notice of Appeal - Final Judgment (Cook, Surelda) (Entered: 12/27/2005) |
| 12/27/2005 | 14 | TRANSCRIPT REQUEST of Sentence Hearing by Sharee Nicloe Phillpotts for proceedings held on December 15, 2005 before Judge Henry T. Wingate, re 13 Notice of Appeal - Final Judgment (Cook, Surelda) (Entered: 12/28/2005) |
| 01/17/2006 | 15 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Sharee Nicloe Phillpotts (trs, ) (Entered: 01/17/2006) |
| 02/22/2006 | | TRANSCRIPT of Sentencing filed as to Sharee Nicloe Phillpotts for dates of December 15, 2005 before Judge Henry T. Wingate, re 13 Notice of Appeal - Final Judgment Court Reporter: Brenda D. Wolverton.(1-vol) (SEC, ) (Entered: 02/24/2006) |
| 03/07/2006 | 16 | Judgment Returned Executed as to Sharee Nicloe Phillpotts on 2/9/06. (sec, ) (Entered: 03/08/2006) |
| 04/28/2006 | | NOTICE CERTIFIED RECORD re 13 Notice of Appeal - Final Judgment to USCA )1-vol. record; 1-vol. transcript and 1-envelope PSI report) (sec, ) (Entered: 04/28/2006) |
| 06/08/2006 | | Complete file to attorney of Record(Tom Lowe,FPD), 1-vol. record; 1-vol. transcript. (sec, ) (Entered: 08/18/2006) |
| 08/18/2006 | | Transmitted Supplemental Record on Appeal as to Sharee Nicloe |

|  |  | Phillpotts re 13 Notice of Appeal - Final Judgment (1-envelope PSI Report) (sec, ) (Entered: 08/18/2006) |
| --- | --- | --- |
| 03/08/2007 | 17 | Certified Copy of Opinion - USCA re 13 Notice of Appeal - Final Judgment, AFFIRMED. (sec, ) (Entered: 03/08/2007) |
| 03/08/2007 | 18 | JUDGMENT of USCA (certified copy) as to Sharee Nicloe Phillpotts re 13 Notice of Appeal - Final Judgment; that this cause was considered on the record on appeal and the briefs on file; that it is ordered and adjudged that the judgment of the District Court is Affirmed; Issued as Mandate 3/7/07 (sec, ) (Entered: 03/08/2007) |
| 03/08/2007 |  | Appeal Record Returned as to Sharee Nicloe Phillpotts: 13 Notice of Appeal - Final Judgment(2-vols. and 2-envelopes) (sec, ) (Entered: 03/08/2007) |
| 02/20/2008 | 19 | Probation Jurisdiction Transferred to Northern District of Illinois as to Sharee Nicloe Phillpotts Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (SEC) (Entered: 02/21/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:05cj58HTW-HGN

SHAREE NICLOE PHILLPOTTS     18 U.S.C. § 1341
    18 U.S.C. § 1028A(a)(1)

**The Grand Jury charges:**

### COUNT 1

That from on or about June 22, 2004, and continuing through on or about November 3, 2004, in Hinds County in the Jackson Division of the Southern District of Mississippi, and elsewhere, the defendant, **SHAREE NICLOE PHILLPOTTS**, aided and abetted by another, devised and intended to devise a scheme and artifice to defraud and to obtain money from others by means of material false and fraudulent pretenses, representations and promises by obtaining the name and social security number of another and thereafter using that identification information to obtain student loans, the defendant well knowing at the time that the pretenses, representations and promises as to the identity of the cosigner would be and were false when made.

That on or about July 6, 2004, in Hinds County in the Jackson Division of the Southern District of Mississippi, and elsewhere, the defendant, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did cause to be delivered by United States Postal Service, a mail carrier, to Jackson, Mississippi, a check for $5,000.00 in violation of Sections 1341 and 2, Title 18, United States Code.

### COUNT 2

That from on or about June 22, 2004, to on or about November 3, 2004, the defendant, **SHAREE NICLOE PHILLPOTTS**, aided and abetted by another, during and in relation to violations of Section 1341, Title 18, United States Code, to wit: mail fraud, did knowingly

possess and use, without lawful authority, a means of identification of another person, in violation of Section 1028A(a)(1) and Section 2, Title 18, United States Code.

　　　　　　　　　　　　　　　　　　　for DUNN LAMPTON
　　　　　　　　　　　　　　　　　　　United States Attorney

A TRUE BILL:

_____
Foreperson of the Grand Jury

A TRUE COPY, I HEREBY CERTIFY.
J. T. NOBLIN, CLERK
BY: _____
　　　　DEPUTY CLERK

Case 3:05-cr-00058-HTW-AGN   Document 12   Filed 12/22/2005   Page 1 of 6

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

AM/fw

# UNITED STATES DISTRICT COURT

Southern District of Mississippi

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| SHAREE NICOLE PHILLPOTTS | Case Number: 3:05cr58HTW-AGN-001 |
| | USM Number: 08694-043 |
| | Defendant's Attorney: George Lucas |
| | 200 S. Lamar Street, Suite 100S |
| | Jackson, MS 39201 |
| | (601) 948-4284 |

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 22 2005
J. T. NOBLIN, CLERK
BY _____ DEPUTY

**THE DEFENDANT:**

■ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 11/03/04 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

■ Count(s)   2   ■ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 15, 2005
Date of Imposition of Judgment

_____
Signature of Judge

Henry T. Wingate, Chief U. S. District Judge
Name and Title of Judge

December 22, 2005
Date

I hereby certify that this instrument, document
No. _1_, filed on _12-22-05_, is a true and
correct copy of the electronically filed original.
ATTEST: J. T. NOBLIN, CLERK
U. S. District Court, Southern District of Mississippi
By: _____
Deputy Clerk

Case 3:05-cr-00058-HTW-AGN   Document 12   Filed 12/22/2005   Page 2 of 6

AO 245B (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: PHILLPOTTS, Sharee Nicole | Judgment — Page 2 of 6 |
| CASE NUMBER: 3:05cr58HTW-AGN-001 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**twenty (20) months**

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | |
|---|---|
| DEFENDANT: PHILLPOTTS, Sharee Nicole | Judgment—Page 3 of 6 |
| CASE NUMBER: 3:05cr58HTW-AGN-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

three (3) years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: PHILLPOTTS, Sharee Nicole
CASE NUMBER: 3:05cr58HTW-AGN-001

Judgment—Page  4  of  6

# SPECIAL CONDITIONS OF SUPERVISION

(A) The defendant shall provide any personal or business financial information requested by the supervising U.S. Probation Officer.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | PHILLPOTTS, Sharee Nicole | |
| CASE NUMBER: | 3:05cr58HTW-AGN-001 | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 18,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| The Educational Resource Institute (TERI) Peter Konstantilakis 31 St. James Avenue Sixth Floor Boston, Massachusetts 02116 Telephone #: 866-266-3637 | | $18,000.00 | |
| TOTALS | $ _____ | $ 18,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ■ the interest requirement is waived for the    ☐ fine    ■ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: PHILLPOTTS, Sharee Nicole
CASE NUMBER: 3:05cr58HTW-AGN-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due
   ☐ not later than _____, or
   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ■ Payment to begin immediately (may be combined with ☐ C, ■ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ■ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __500.00__ over a period of __36 months__ (e.g., months or years), to commence __30 days__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, P. O. Box 23552, Jackson, MS 39225-3552.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.